*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRANCE KIMBROUGH,

        Plaintiff-Appellant,

v

HERCULES DRAWN STEEL CORPORATION,

        Defendant-Appellee,

and

MARK GOODMAN, JEFF GOODMAN, ROGER GOODMAN, DAVID GUNSBERG, DAVID VERVILLE, RABIH ELZAROUI, GARY GOODMAN, and JOE THOMPSON,

        Defendants.

UNPUBLISHED
July 16, 2026
9:58 AM

No. 374831
Wayne Circuit Court
LC No. 24-014278-CZ

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition to defendant, Hercules Drawn Steel Corporation (Hercules), under MCR 2.116(C)(7) (statute of limitations) and MCR 2.116(C)(8) (failure to state a claim), granting Hercules's motion to set aside a default, and denying plaintiff's motion to compel discovery requests. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this claim against Hercules in September 2024, alleging intentional infliction of emotional distress. Plaintiff later filed a proof of service stating that, on October 7, 2024, his process server personally served the summons and complaint on David Gunsberg, Hercules's general counsel. According to Gunsberg's affidavit, he accepted service only on his own behalf as an individual defendant. He asserted that he informed the process server that he was not accepting service for Hercules because he was not authorized to do so, nor was he Hercules's registered agent. Gunsberg further averred that service occurred at the office of Eaton Steel Bar

Company, "a separate corporation under common ownership with [Hercules]," located in Oak Park, not at Hercules which is located in Livonia. According to Gunsberg, the process server left copies of the summons and complaint on a receptionist's desk. Plaintiff later filed an amended complaint and proof of service, stating that he sent his amended complaint to the Oak Park address by registered mail on November 14, 2024.

Plaintiff moved for, and the trial court entered, a default judgment against Hercules "for failure to plead or otherwise defend" on November 21, 2024. Hercules subsequently moved to set aside the default, arguing that it had not been properly served with process and, alternatively, that plaintiff's filing of an amended complaint superseded the original complaint, thereby nullifying the default. Plaintiff responded that the default was valid because the operative complaint was the original complaint because the amended complaint was untimely filed. Hercules later moved for summary disposition, and plaintiff moved to compel certain discovery.

The trial court set aside the default against Hercules, finding that Gunsberg could not accept service of the original complaint on behalf of Hercules, and that the default judgment was premature with respect to the amended complaint.[1] The trial court also granted Hercules's motion for summary disposition and denied plaintiff's motion to compel. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion to set aside a default for a "clear abuse of discretion." *Tindle v Legend Health, PLLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 372-373; 976 NW2d 109 (2021). We review the interpretation and application of court rules de novo. *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023).

## III. ANALYSIS

Plaintiff argues that the trial court erroneously set aside the default against Hercules because of improper service of process, without requiring Hercules to show good cause for setting aside the default. We disagree.

Upon request, a court clerk may enter a default if "the defendant fail[s] to appear . . . ." MCR 2.603(B)(2)(b). But a trial court "cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process . . . ." *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (quotation marks, brackets, and citation omitted). A plaintiff may effect service of process on a corporate defendant by: "(1) leaving a summons and a copy of the complaint with any officer or the resident agent, or (2) leaving a summons and a copy of the complaint with any director, trustee, or person in charge

---

[1] Plaintiff does not challenge the trial court's decision with respect to the amended complaint, because he maintains on appeal that the amended complaint was never properly filed, and, therefore, never superseded the original complaint.

of any office . . . and sending a summons and a copy of the complaint by registered mail . . . ." MCL 600.1920; see also MCR 2.105(D). "Proof of service may be made by . . . written acknowledgment of the receipt of a summons and a copy of the complaint, . . . dated and signed . . . by a person authorized . . . to receive the service of process . . . ." MCR 2.104(A)(1).

The trial court did not err by concluding that plaintiff failed to properly serve Hercules with his original summons and complaint. Plaintiff's process server attempted to leave the summons and original complaint with Gunsberg, but Gunsberg did not accept service on Hercules's behalf. The process server ultimately left the summons and complaint on a receptionist's desk. Because the summons and complaint were not left with one of Hercules's officers or resident agents, service of process was not proper under MCL 600.1920. Even if Gunsberg was an officer or resident agent of Hercules, he did not sign or date the proof of service as required by MCR 2.104(A)(1). Because plaintiff did not properly serve his original complaint on Hercules, the trial court lacked jurisdiction over Hercules when it entered the default. *Lawrence M Clarke, Inc*, 489 Mich App at 274.[2] Accordingly, the trial court properly set aside the default judgment against Hercules.[3]

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron

---

[2] Because the trial court lacked jurisdiction over Hercules, Hercules did not have to demonstrate good cause to set aside the default judgment. See MCR 2.603(D)(1) ("A motion to set aside a default or a default judgment, *except when grounded on lack of jurisdiction over the defendant*, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense[] . . . is filed.") (Emphasis added).

[3] On appeal, plaintiff also submits cursory challenges to the trial court's summary disposition ruling and denial of his motion to compel. But plaintiff abandoned these arguments by failing to include them in his statement of questions presented or cite any legal authority for his positions. See *Caldwell v Chapman*, 240 Mich App 124, 132-133; 610 NW2d 264 (2000).